## SHUMAN and FURST *against* PFOUTZ.

### IN ERROR.

A Justice of the Peace has power to supercede an execution issued by him: and such supercedeas will exonerate the constable from liability.

An execution issued upon a judgment out of the Court of Common Pleas, is not removed into this court, unless specifically mentioned in the præcipe and writ of error.

This court will not hear the first allegation of error, in the taxation of a bill of costs; the motion to correct the error must be first made in the court below.

This was a writ of error to the common pleas of Perry county.

*Shuman* and *Furst,* the plaintiffs in error, had a judgment against *Hopple,* upon the docket of justice *Utter:* an execution was issued, and put into the hands *Pfoutz,* the defendant in error, then constable of the township, who made a levy upon the personal property of *Hopple,* after which he received a written notice from justice *Utter,* directing him to restore the property levied to *Hopple,* and

(Shuman and Furst *v* Pfoutz.)

return his execution, which he did.  *Shuman* and *Furst* then sued him for so doing, and claimed the amount of the property so levied; the cause came into the common pleas by appeal, where a verdict and judgment was rendered for the defendant, upon the charge of the court to the jury, "that the order of the justice to the constable, and the acceptance of the return by him, in the absence of fraud, did acquit the defendant from legal liability."

Two errors were assigned in this court:

1st.  The court erred in their charge to the jury.

2d.  An execution issued for more costs than were recoverable by the defendant in the court below.

*Creigh* for the plaintiff in error.—A *certiorari* is not a *supercedeas* to an execution unless bail is given by the plaintiff, which was not done in this case, nor even then, if a levy has been made before the issuing of the *certiorari*.  The debt of the plaintiffs, *Shuman* and *Furst*, was then secured by a legal proceeding, to wit, the levy upon personal property; and the justice had no legal authority to take away from them that security.  And if the order of the justice to the constable was without authority, it does not exonerate him from liability.  *Boyer* v. *Potts.* 14 *Serg. & Rawle*, 157.  *Purd. Dig.* 455. 12*th sec. of the act of* 20*th March*, 1810.

2d.  The execution issued for the costs of the original suit of *Shuman* and *Furst* against *Hopple*, for which there was no judgment in this suit, which was manifest error.

*Alexander* for defendant in error.—The case of *Sherby* against *Fisher*, decided by this court at the last term, and not yet reported, determines this case, that the order of the justice is a justification of the constable.

The writ of error does not bring up the execution, unless specially mentioned in the writ; but, at all events, this court will not hear the first motion to correct an error in the taxtion of costs; the motion must be first made in the common pleas.

The opinion of the court was delivered by

SMITH, J.—In consequence of an execution issued by justice *Utter*, at the suit of the plaintiffs, against a certain *D. C. Hopple*, on the 15th June, 1821, the constable, (the defendant *Pfoutz*,) made a levy on a quantity of hay, and some household furniture of *Hopple*.  On the next day, the 16th June, 1821, *Samuel Utter*, the justice, by a written notice to the constable, directed him, in case he had levied on the property of the defendant, to restore the same to him, and return the execution.  The constable did so; and a suit was then brought against him, "for," as the record states, "the amount of the levy on the above stated execution;" which, on an appeal, was finally tried on the 8th June, 1828, and a verdict and judgment rendered for the defendant.  At the trial, the court below charged the jury "that the *supercedeas* and acceptance of the return by the

(Shuman and Furst *v.* Pfoutz.)

justice, in the absence of all alleged fraud, or imposition, did acquit the defendant of legal liability." To this charge the counsel of the plaintiff excepted, and has assigned two errors in this court. 1st. That the court erred in their charge to the jury. 2d. That the execution issued for costs that could not be recovered in this suit, (they not being costs of this suit.)

We are decidedly of opinion that, in the above stated charge of the court to the jury, there was no error. I take it, a justice has a right to withdraw or supercede an execution issued by him; if he could not, it would lead in many cases to injustice, and draw the constable into difficulties. Suppose an execution has been issued before the stay of execution is out, or more than a year elapses before it has been issued, or the amount of the judgment is actually paid to the plaintiff, without the knowledge of the justice, or the defendant should die, and the justice did not know of his death; or it should be issued perhaps to the wrong constable, by mistake; or special bail should, under the act, be entered; or an appeal taken within the time limited, or should be otherwise erroneous; will it be contended that the justice cannot recall the execution, and that the constable must, at all hazards, go on with the execution, and render himself and the justice responsible? I should think it cannot. The very question now submitted was, I think, fully considered and decided by this court, at their last term held for this district, in the case of *Sherby* v. *Fisher*, in which justice *Tod* delivered the opinion of this court. In that case *Fisher* had sued *Sherby*, a constable, for not returning an execution which had been placed into his hands by a justice; this execution was recalled and withdrawn by the justice out of the power and possession of the constable after he had made a levy; and the question was, whether the constable was liable. This court held that the constable was not liable, and that he was not to inquire into the reason of the justice for recalling the execution; but as the act of assembly, in more than one case, required an execution to be returned, as where special bail was entered in time, or an appeal taken in twenty days, the justice could supercede the execution, and the constable would not be liable. I presume the case will be reported; and to the opinion delivered in that case, I refer for the reasons which governed this court.

As to the second exception, I would observe, that the execution is not before us, but if it was, this court has already decided that we will not take cognizance of an exception which depends on matter of fact. The court below should have been applied to, in the first instance, to tax the bill of costs. It does not appear that this was done, but we are now asked to set aside the execution because it issued for costs that were illegal; if it had so issued, the court below, on application would have corrected it. In this case we are of the opinion that the judgment should be affirmed.

Judgment and execution affirmed.